**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jorge Felix PINA–FERNANDEZ,**
**Defendant–Appellant.**

**No. 07–51198**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jorge Felix Pina–Fernandez raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano*, 492 F.3d 624, 625 (5th Cir.2007), *cert. denied*, —— U.S. ——,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Victor Manuel MATA–BARRERA,**
**Defendant–Appellant.**

**No. 07–51208**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Victor Manuel Mata–Barrera raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Isidro LARA–MORALES, Defendant–Appellant.**

No. 07–51209
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, Plaintiff–Appellee.

Federal Public Defender's Office Western District of Texas, San Antonio, TX, Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Isidro Lara–Morales raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jesus CASTRO–CATETE,**
**Defendant–Appellant.**

No. 07–51217
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.